UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 08-CV-11243-RGS

UNITED VAN LINES, LLC

v.

EVELYN T. ANTHONY

MEMORANDUM AND ORDER ON PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT

February 3, 2010

STEARNS, D.J.

On July 22, 2008, plaintiff United Van Lines, LLC (United), brought this Complaint seeking payment from defendant Evelyn Anthony for an October 2007 shipment of household goods from Illinois to Massachusetts. United amended the Complaint on September 6, 2008. On October 20, 2008, Anthony answered, contending that her former husband, Christopher Anthony, was solely liable for the debt. She also filed a counterclaim, alleging violations of Mass. Gen. Laws. ch. 93A (the Consumer Protection Act), and asserting common-law claims of negligence, "excess billing," and negligent or intentional infliction of emotional distress. United further amended its Complaint on October 22, 2008, and answered the counterclaim. On October 27, 2009, United moved for summary judgment on its claims and for dismissal of Anthony's counterclaim, arguing that all of Anthony's claims and defenses were preempted by the Carmack Amendment to the Interstate Commerce Commission Termination Act of 1995 (ICCTA).[1] Anthony did not file an opposition.

---

[1] 49 U.S.C. § 14706.

BACKGROUND

The undisputed facts are as follows. On October 9, 2007, United accepted a shipment of household goods from Evelyn Anthony. The goods were shipped from United's terminal in Willowbrook, Illinois. United issued Anthony a Uniform Household Goods Bill of Lading and Freight Bill No. 211-01112-7. Two days later, United issued a second Bill of Lading No. 211-01112-7A representing the excess weight portion of Anthony's shipment. Anthony signed, but did not read, the Bills of Lading. Anthony charged the shipment to Christopher Anthony's American Express card. Christopher is Evelyn Anthony's former husband.

United delivered the bulk of Anthony's shipment to the designated address in Weston, Massachusetts, on October 13, 2007. The remainder of the shipment was delivered on October 20, 2007. The goods arrived intact except for a broken glass shelf.

United submitted the credit slip signed by Anthony to American Express for payment. On November 8, 2007, American Express notified United that the charge to Christopher Anthony's credit card had been disallowed. Christopher Anthony had informed American Express that the charge was unauthorized ("fraudulent"). United unsuccessfully protested the disallowance to American Express.

On March 4, 2008, United mailed a letter to Evelyn Anthony demanding payment of the outstanding balance of $18,336.87.[2] United, represented by Corrigan Moving Services, contacted Anthony numerous times regarding the unpaid bill. Anthony responded that she

---

[2]United's total charges for the shipments amounted to $19,800.69. Anthony made a payment of $1,256.56, leaving a balance of $18,544.13 charged to American Express.

was attempting to persuade Christopher Anthony to make payment.[3]

The first page of the Bills of Lading contained the following terms and conditions.

1. All terms written and printed, stamped or typed on the front or back of this form are agreed to by both parties.

2. If credit is extended by the carrier by agreeing to bill an employer or other party, and in the event that any or all of the charges are not paid, the owner of the goods and/or beneficiary of the services acknowledges he remains primarily liable for payment.

3. The above named shipper agrees that this carrier shall transport the goods and effects tendered by the shipper subject to the preceding.

Section 3(a) of the Bills of Lading, printed on page two, contained the following provision.

The shipper, upon tender of the shipment to carrier, and the consignee, upon acceptance of delivery of shipment from carrier, shall be liable, jointly and severally, for all unpaid charges payable on account of a shipment in accordance with applicable tariffs including, but not limited to, sums advanced or disbursed by a carrier on account of such shipment. The extension of credit to either shipper or consignee for such unpaid charges shall not thereby discharge the obligation of the other party to pay such charges in the event the party to whom credit has been extended shall fail to pay such charges.[4]

In response to the Complaint, Anthony counterclaimed against United, alleging "[b]reach of contract/excess billing." Anthony does not dispute that the "overcharge" claims are governed by Item 51 of United's governing tariff. Anthony never filed an overcharge claim with United. Anthony also counterclaimed for negligence in the handling of her

---

[3]It is undisputed that Christopher Anthony had no involvement in contracting for United's services. Evelyn Anthony signed the Bills of Lading as both "shipper" and "consignee" without Christopher's endorsement.

[4]United's governing Tariff Item 43 contains the same requirement, that is, that the shipper, (Anthony), remains liable to the carrier (United), in the event of the disallowance of any extension of credit.

goods.  Cargo loss or damage claims are governed by the Bills of Lading and Tariff Item 43.  Section 6 of the Bills of Lading provides as follows.[5]

> As a condition precedent to recovery, a claim for any loss or damage, injury or delay, must be filed in writing with carrier within nine (9) months after delivery to consignee as shown on face hereof, or in case of failure to make delivery, then within nine (9) months after a reasonable time for delivery has elapsed; and suit must be instituted against carrier within two (2) years and one (1) day from the date when notice in writing is given by carrier to the claimant that carrier has disallowed the claim or any part or parts thereof specified in the notice.  Where a claim is not filed or suit is not instituted thereon in accordance with the foregoing provisions, carrier shall not be liable and such a claim will not be paid.

Under this provision, Anthony had nine months after receipt of the shipment, that is, until July 20, 2008, to file a written claim.  Although United mailed Anthony the proper form, she did not file a claim.  Anthony filed her counterclaim in this suit on October 20, 2008, three months after the July 20, 2008 deadline.

In her claim of infliction of emotional distress, Anthony blames United for the toll exacted by the necessity of defending herself in this lawsuit.  Moreover, she was "required to seek medical assistance . . . for depression-related symptoms" resulting from the breakdown of her marriage.

## DISCUSSION

Summary judgment is appropriate when, based upon the pleadings, affidavits, and depositions, "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Gaskell v. Harvard Co-op Soc., 3 F.3d 495, 497 (1st Cir. 1993).

When a non-moving party fails to file a timely opposition to an adversary's

---

[5]Section 6 of Tariff Item 43 is virtually copied from this section of the Bills of Lading.

motion for summary judgment, the court may consider the summary judgment motion unopposed, and take as uncontested all evidence presented with that motion . . . . While an unopposed summary judgment motion still must be scrutinized in accordance with Fed. R. Civ. P. 56, id., a district court's decision to treat a summary judgment motion as unopposed is serious business. In most cases, a party's failure to oppose summary judgment is fatal to its case.

Perez-Cordero v. Wal-Mart Puerto Rico, 440 F.3d 531, 533-534 (1st Cir. 2006). Where the record is circumscribed because summary judgment is unopposed, a district court may grant summary judgment against the nonresponding party "if appropriate." See Fed. R. Civ. P. 56(e). Mullen v. St. Paul Fire and Marine Ins. Co., 972 F.2d 446, 452 (1st Cir. 1992). Although the court is required to scrutinize an uncontested record with care, it has no obligation to ferret out facts that might defeat a motion for summary judgment. See Diaz-Fonseca v. Puerto Rico, 451 F.3d 13, 42 (1st Cir. 2006) ("[I]t is plaintiffs' responsibility to direct the court's attention to [evidence in the record supporting their allegations]."). Rather, the failure of a nonmoving party to submit a statement of disputed facts has the legal effect of admitting the moving party's factual assertions.[6] United States v. Parcel of Land, 958 F.2d 1, 5 (1st Cir. 1992).

United's Claims

---

[6]Local Rule 56.1 provides that:

[o]pposition to motions for summary judgment shall include a concise statement of the material facts of record as to which it is contended that there exists a genuine issue to be tried, with page references to affidavits, depositions and other documentation. Copies of all referenced documentation shall be filed as exhibits to the motion or opposition. Material facts of record set forth in the statement required to be served by the moving party will be deemed for purposes of the motion to be admitted by opposing parties unless controverted by the statement required to be served by opposing parties.

United asserts three claims, each seeking the same relief.

1. Interstate Tariff Charges

The ICCTA applies the "filed rate doctrine" to interstate motor carriers of household goods. 49 U.S.C. § 13702(a). The filed rate doctrine imposes on carriers "not only the right but also the duty to recover its proper charges for services performed." S. Pac. Transp. v. Commercial Metals Co., 456 U.S. 336, 343 (1982). The purpose of the filed rate doctrine is to prevent price discrimination and unlawful preferences among a carrier's customers. Pittsburgh, Cincinnati, Chicago & St. Louis Ry. Co., 250 U.S. 577, 581 (1919). Thus, the "time-honored rule that [when a carrier is not paid for lawful charges], no 'act or omission of the carrier (except the running of the statute of limitations) [will] estop or preclude it from enforcing payment of the full amount by a person liable therefor.'" S. Pac. Transp., 456 U.S. at 352, citing Louisville & Nashville R.R. Co. v. Cent. Iron & Coal Co., 265 U.S. 59, 65 (1924).

Anthony does not dispute that: (1) United presented her with the Bills of Lading upon accepting her household goods for shipment; (2) United transported the goods from Illinois to Massachusetts; (3) the cost of the shipment, as computed under the governing tariff, was $19,800.69; (4) United has received only $1,256.56 of that amount; and (5) the unpaid balance is $18,544.13. As Anthony has offered no countervailing facts, United is entitled by the governing tariff to recover from Anthony the amount owing.

2. Breach of Contract

Anthony does not dispute that: (1) she hired United to ship her household goods; (2)

6

she promised to pay the shipping charges; (3) she signed the Bills of Lading;[7] (4) United transported her household goods from Illinois to Massachusetts; (5) United has made a demand for payment; and (6) United has been paid only $1,256.56 of the total bill of $19,800.69.  The Bills of Lading clearly contemplated the possibility that charges billed to a third party (Christopher Anthony) might not be paid, and in that eventuality the responsibility for payment was to fall on the shipper and consignee (Evelyn Anthony). Thus, under the express terms of Anthony's contract with United, she is liable for the unpaid balance of $18,544.13.

   3. Quantum Meruit

United's final claim is under the equitable doctrine of quantum meruit.  Quantum meruit "is a claim independent of an assertion for damages under the contract."  J.A. Sullivan Corp. v. Commonwealth, 397 Mass. 789, 793 (1986).  "The underlying basis for awarding quantum meruit damages in a quasi-contract case is unjust enrichment of one party and unjust detriment to the other party."  Salamon v. Terra, 394 Mass. 857, 859 (1985).  Like unjust enrichment, quantum meruit is a theory of recovery and not an independent cause of action.  Where as here, a party's loss is made whole at law by contract damages, there is no occasion for an award of equitable relief.  See Liss v. Studeny, 450 Mass. 473, 479-480 (2008).

   Anthony's Counterclaims

Anthony makes four counterclaims against United.  The claims are bare allegations, for which Anthony has offered no evidentiary support.  Because Anthony has failed to

---

   [7]That Anthony did not read the Bills of Lading before signing them has no legal significance.  See Spritz v. Lishner, 355 Mass. 162, 164 (1969).

respond to United's motion to dismiss the claims, there is no record on which the court could find that any of the four counterclaims has a plausible heft. See Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1967 (2007).  On their face, almost all of Anthony's counterclaims are barred by the Carmack Amendment, which preempts state laws imposing liability on carriers based on the loss or damage of shipped goods, liability stemming from the claims process, and all liability related to the payment of claims for damage to goods.  See Rini v. United Van Lines, Inc., 104 F.3d 502, 505-506 (1st Cir. 1997).  Of Anthony's claims, only the claim of intentional infliction of emotional distress is not preempted by Carmack. Id.  This claim stems from United's attempts to collect the debt owed by Anthony.  The intentional tort requires acts which, either individually or as part of a pattern of harassment, are "extreme and outrageous . . . reasonably viewed as an attempt to . . . shock and harm a person's peace of mind by invading that person's mental or emotional tranquility."  Ratner v. Noble, 35 Mass. App. Ct. 137, 139 (1993).  See also Foley v. Polaroid Corp., 400 Mass. 82, 99 (1987) ("appalling" conduct is required to trigger the tort); Conway v. Smerling, 37 Mass. App. Ct. 1, 8 (1994) ("profoundly shocking" conduct); Sena v. Commonwealth, 417 Mass. 250, 264 (1994) (conduct "beyond all bounds of decency . . . utterly intolerable in a civilized community").  Whether on the facts pled, a plaintiff has met this high standard is an issue of law for the trial court.  Id.  The court readily concludes that a party's resort to a lawsuit as a means of collecting a debt that is legitimately owed (or is believed in good faith to be owed) cannot as a matter of law constitute the tort of intentional infliction of emotional distress.[8]

---

[8]As a general rule, mental suffering caused by a breach of contract is not compensable at law.  McLean v. Univ. Club, 327 Mass. 68, 76 (1951).

8

ORDER

For the foregoing reasons United's motion for summary judgment is ALLOWED. Anthony's counterclaims are DISMISSED. The Clerk will enter judgment for United and close the case. United will have fourteen (14) days to file a bill of costs. Prejudgment interest is awarded to United as of March 4, 2008. See Saint-Gobain Indus. Ceramics, Inc. v. Wellons, Inc., 246 F.3d 64, 72 (1st Cir. 2001).

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE